# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 19, 1920.

HAMPTON COURT COMPANY, ET AL.,

VS.

THE MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL.

*Enoch Harlan, R. Lee Slingluff, Robert W. Williams* and *Janney, Stuart & Ober* for plaintiffs.

*Roland R. Marchant*, City Solicitor, and *Norman R. Eckard*, Assistant City Solicitor, for defendants.

DAWKINS, J.—

Ordinance No. 55 of the Mayor and City Council, approved December 20, 1915, contains the following:

"Section 2A. It shall be the duty of the Commissioner of Street Cleaning to remove all ashes from dwelling houses, apartment houses and tenement houses not exceeding fifteen bushels per week from each dwelling house, apartment house or tenement house, but it shall not be the duty of said Commissioner of Street Cleaning to remove more than fifteen bushels per week of ashes from any dwelling house, apartment house or tenement house, and it shall not be his duty to remove any ashes from any place other than a dwelling house, apartment house or tenement house."

The bill filed in this case seeks to have the ordinance containing said section adjudged and declared to be unreasonable and unlawfully discriminatory and beyond the power of the defendant corporation to ordain and enforce, and to be null and void, and to compel by appropriate injunctions and restraining orders the city and its officers to remove all the ashes and refuse from the apartment houses of the complainants.

To said bill a demurrer has been interposed. The question before the court is the validity of said ordinance. Similar ordinances to the one now under consideration have been before the courts on several occasions. Two cases considering the same have been determined in the Court of Appeals (Mayor and City Council vs. Hampton Court Co., 126 Md. 341, and the Apartment House Co. vs. The Mayor and City Council of Baltimore, 131 Md. 523).

Prior to June 5, 1913, the Street Cleaning Department of the city removed all ashes from all kinds of buildings in Baltimore, but on that date the Commissioner of Street Cleaning was instructed not to remove ashes, save from dwellings (which were defined to be houses used for dwelling purposes not over four stories in height and not having an elevator). From that time the city stopped moving ashes from apartment houses. One of the plaintiffs in this case sought to compel a restoration of the service. An injunction was ordered granting the relief sought, and the Court of Appeals, in 126 Md., case already mentioned, decreed that it is the duty of the city to remove ashes, etc., and to regulate said removal. At the same time the court said that the city did not have the right to arbitrarily discriminate, as was done in limiting the service to structures that had no elevator, and in so deciding said that the ordinances of this character must be reasonable in their provisions.

In 131 Md., above mentioned, it was decided that the apartment houses had suffered by the ordinance then considered and could recover damages for failure by the city to remove ashes, etc. Then followed the enactment of the ordinance now before the court.

It is claimed that this ordinance is unreasonable, discriminatory and, therefor, invalid, because it limits the requirement to remove ashes to fifteen bushels per week from any dwelling house, apartment house or tenement house. There may be apartment houses in the city that occupy practically a whole block and house 50 or more families. In an adjoining block there may be fifty dwellings or tenement houses. The two blocks may contain the same number of citizens, families or taxpayers having equal rights to the city's service. It is conceded that one ton of coal produces about 14 bushels of ashes and that any apartment house consumes much more than one ton of coal a week whilst scarcely any dwelling or tenement house consumes more than a ton except in the case of an unusually large structure. In one case the fifty families, because they are placed horizontally, will be entitled to have 750 bushels per week removed; the others, because they are placed vertically, will only be entitled to have 15 bushels of ashes removed in any one week. The apartment houses may belong to one person with many tenants, whilst the dwellings may belong to each separate dweller, but the apartment-house resident should have the benefit even though indirectly of the city service through his landlord. The larger furnace, the ash-making machine, serves each one through a common centre. The separate houses may be rented as well as the separate apartments. There can not be much doubt but that the city has the right to compel all owners of property to remove all of their ashes at their own expense. 199 U. S. 306, Reduction Co. vs. Sainbury.

The city also can make a distinction between stores and office buildings and buildings for dwelling purposes, compelling either class to remove its own ashes. An apartment house may consist of two or three apartments that would not produce more than 15 bushels of ashes in one week whilst a house of twice the size might produce 30 bushels in the same time. The one would have all of its ashes removed, the other would have one-half of its ashes removed by the city.

As suggested by counsel for the defendant at the hearing, there is nothing fundamental about the city having to remove ashes, but if the ash removal is provided for, all citizens should receive the same treatment. Delegation of powers to the city presumes uniform execution of the same.

The powers possessed by municipal corporations should be exercised by ordinances general in their nature and impartial in their operation. The court must not interfere in the carrying out of the powers delegated to the city, but the court has jurisdiction to consider the validity of a municipal ordinance in order to protect a person injuriously affected by it. 49 Md. 217, Baltimore City vs. Radeke.

Discriminatory or arbitrary legislation should never be allowed. All citizens should stand equal as to law enforcement or the treatment received by them by or under the law. Governmental control can not be exercised in a different way over individuals of the same class. Apartment houses, tenement houses and dwelling houses are all the abodes of persons similarly housed in abiding places. Why should one set of people have its ashes removed by the city and the other have to have it removed at its own expense? Such a system of service must be unreasonably discriminatory, arbitrary and unjust.

For the reasons stated the demurrer will be overruled.